FILED
5/3/19 8:32 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No. 18-23866-GLT |
| ERIC S. WEINGRAD, | Chapter 7 (converted from Chapter 13) |
| *Debtor*. | Related to Dkt. No. 54 |
| FRANCIS E. CORBETT, | |
| *Movant,* | Hearing: May 8, 2019 at 10:30 a.m. |
| v. | |
| NO RESPONDENT, | |
| *Respondent.* | |

## ORDER

Before the Court is the *Application for Fees and Expenses* (the "Application") filed by Attorney Francis E. Corbett, Esq. (the "Applicant") which requests the allowance of legal fees in the amount of $3,575 and $335 in costs for the period of August 7, 2018 through April 10, 2019 in the above-captioned case.[1] The Applicant recently filed a *Certificate of No Objection* as no timely objection to the *Application* was filed by any party.[2] After finding that it has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334 and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b), the Court also concludes that due and proper notice of the *Application* and the objection deadline were given. Accordingly, the Court makes the following findings:[3]

---

[1]   Dkt. No. 54.

[2]   Dkt. No.56.

[3]   This Order constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

1

      A.      Pursuant to 11 U.S.C. § 330(a)(4)(B), "the court may allow reasonable compensation to the debtor's attorney [in a chapter 13 case] … based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." To determine the amount of reasonable compensation to be awarded, section 330(a)(3) directs the Court to consider the nature, extent, and value of such services, taking into account all relevant factors, including:

      (i)      The time spent on such services;

      (ii)      The rates charged for such services;

      (iii)      Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered, toward the completion of the bankruptcy case;

      (iv)      Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      (v)      With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      (vi)      Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[4]

      B.      Consistent with its duty to independently scrutinize fee applications,[5] the Court finds that some of the fees requested in the *Application* require adjustment because they appear to have been erroneously calculated. Specifically, paragraph 6 of the *Application* states that:

> There has been a payment of fees to date through a retainer of $1,500.00 paid on behalf of the Debtor and through distributions from the Chapter 13 Trustee totaling $407.37. The total requested for fees of $3,575.00 and costs of $335.00, leaving a balance remaining of $1,952.63.

---

[4]    11 U.S.C. § 330(a)(3).

[5]    See 11 U.S.C. § 329(b); In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994).

However, adding the amounts already paid ($1,500 + $407.37 = $1,907.37) to the amount that Applicant claims is outstanding ($1,952.63) results in a total of $3,860 ($1,925.63 + $1,907.37 = $3,860). Given that Applicant is requesting total fees and costs of $3,910 ($3,575 in fees + $335.00 in costs = $3,910), there was clearly an error made in computation. Upon reviewing the *Time Keeping for Attorney Fee Billings* attached as Exhibit A to the Application, the Court finds that the itemization amounts to $3,525.00 in fees and $335.00 in costs, for a correct total of $3,860. Indeed, the Applicant's figures accurately reflect these amounts on both his Exhibit A and his Proposed Order. The Court will therefore disallow the additional $50 being sought through the Application ($3,910 - $3,860 = $50).

        C.    The Court notes that the Applicant previously submitted numerous fee applications which were approved for payment because they did not present any issues of concern. In rendering these findings, the Court does not wish to convey that there are any systemic concerns about the Applicant's billing practices, nor does it wish to overly scrutinize each fee application beyond the standards required under section 330. Instead, the Court recognizes the volume of work that is required to prosecute a chapter 13 case on behalf of a consumer debtor and it acknowledges that legal counsel are entitled to be adequately compensated for their time and services. The Court further recognizes that the amount sought by Applicant would have been below the allowed chapter 13 "no-look" fee had the case not been converted to one under chapter 7. However, given the discrepancy between the Applicant's figures, the Court felt it necessary to issue this Order for the sake of clarity.

Based upon the foregoing, the Court finds that it is reasonable and appropriate to reduce the fees requested in the *Application* to an amount which is commensurate with the value of the services received by the bankruptcy estate. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The *Application* is granted in the amount of $3,860 ($3,525 in fees + $335 in costs = $3,860) for legal fees incurred during the period of August 7, 2018 through April 10, 2019. The *Application* is denied to the extent it seeks $50 in fees for the amounts referenced in ¶ B.

2. Considering the initial legal retainer received in the amount of $1,500 and the $407.37 paid by the chapter 13 trustee, the Applicant has been paid $1,907.37 to date. Accordingly, this Order grants an award of additional compensation in the amount of $1,952.63 ($3,860 - $1,907.37).

3. The remaining unpaid balance of $1,952.63 is to be paid to Francis E. Corbett, Esq. by Debtor.

4. The Clerk shall record the final award of compensation in the amount of $3,860.

Dated: May 3, 2019

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

cm:   Debtor
      Francis E. Corbett, Esq.
      Ronda Winnecour, chapter 13 trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Eric S. Weingrad  
     Debtor

Case No. 18-23866-GLT  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: lfin     Page 1 of 1     Date Rcvd: May 03, 2019  
                 Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 05, 2019.
```
db             +Eric S. Weingrad,    1451 Barnsdale Street, #2L,    Pittsburgh, PA 15217-1351
               +Ronda J Winnecour,    3250 USX Tower,    600 Grant Street,    Pittsburgh, PA 15219-2702
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 05, 2019                        Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 3, 2019 at the address(es) listed below:
```
              Francis E. Corbett    on behalf of Debtor Eric S. Weingrad fcorbett@fcorbettlaw.com,
               fcorbett7@gmail.com
              James Warmbrodt     on behalf of Creditor   M&T Bank as servicer for Lakeview Loan Servicing LLC
               bkgroup@kmllawgroup.com
              Keri P. Ebeck     on behalf of Creditor   Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Natalie Lutz Cardiello    ncardiello@comcast.net,    ncardiello@ecf.axosfs.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
```
                                      TOTAL: 6